```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HERALD R. GUNDER,                     :
                                      :
          Plaintiff,                  :    CIVIL ACTION
                                      :
     v.                               :    No. 08-cv-6029
                                      :
CSX TRANSPORTATION, INC.,             :
CONSOLIDATED RAIL CORPORATION         :
and NORFOLK SOUTHERN RAILWAY          :
COMPANY,                              :
                                      :
          Defendants.                 :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **July 8, 2009**

This dispute has been brought before the Court on motion of Defendants to transfer venue from the Eastern District of Pennsylvania to the Northern District of Ohio, Toledo Division pursuant to 28 U.S.C. §1404 (a).  For the reasons articulated below, Defendants' Motion to Transfer Venue (Doc. No. 11) shall be GRANTED.

**Background**

Plaintiff has filed suit against his employers, CSX Transportation, Consolidated Rail Corporation, and Norfolk Southern Railway Company, under the Federal Employees' Liability Act ("FELA"), 45 U.S.C. §§51-60, the Federal Safety Appliance

1

Act, 45 U.S.C. §§1-16, and the Locomotive Inspection Act, 45 U.S.C. §§22-34[1]. Plaintiff alleges that he was "exposed to excessive and harmful cumulative trauma to his arms and shoulders" while performing his work. Compl. 3. Plaintiff claims that his injuries were caused by the negligence, carelessness, and recklessness of Defendants. Arguing the doctrine of <u>forum non conveniens</u>, Defendants have filed a Motion to Transfer Venue to the Northern District of Ohio, Toledo Division.

## Standard

Under 28 U.S.C. §1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." As further circumscribed in 45 U.S.C. §56, FELA's venue provision, such "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Neither party disputes that venue would be proper in the Northern District of Ohio, Toledo

---

[1] The Federal Safety Appliance Act and the Locomotive Inspection Act were repealed in 1994. This fact, however, has no bearing on the present Motion.

2

Division.[2]

Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, that considerations weigh "strongly" in favor of transfer. Gulf Oil v. Gilbert, 55 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).  The complete list of private factors set out by Gulf Oil were further articulated by the Third Circuit in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and include,

> [T]he plaintiff's forum preference; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the locations of the books and records.

Named public factors include,

> Enforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of trial judges with the state law for diversity cases. Id.

Within this framework, courts have given great deference to

---

[2] While Plaintiff currently resides in Lambertville, Michigan, he has done a substantial amount of work for Defendants in and around Toledo, Ohio. Defendants conducted business in and around Toledo, Ohio during the period in which Plaintiff was employed.  Hence, under 28 U.S.C. §1391 and 45 U.S.C. §56, venue would be proper in the Northern District of Ohio, Toledo Division.

the plaintiff's choice of forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252 (1981); Kielczynski v. Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993). Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, as alleged here, the choice is given less weight.  Piper Aircraft Co., 454 U.S. at 255-56; Kielczynski, 837 F. Supp. at 689.  When the plaintiff is not a resident of the chosen forum, he must make a "strong showing of convenience" in order for his choice to be given deference.  Windt v. Qwest Communications Intern., Inc., 529 F.3d 183 (3d Cir. 2008).  Additionally, "the convenience of counsel is not a factor to be considered" in deciding a motion to transfer.  Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).  Conversely, in cases brought under FELA, the plaintiff's choice of forum has been held in particularly high regard and has been called a "substantial right".  Boyd v. Grand Trunk Western R.R. Co., 338 U.S. 263, 266, 70 S. Ct. 26 (1959) (per curiam).  Additionally, in cases involving FELA, courts have held that the plaintiff's choice of forum requires notable deference, notwithstanding plaintiff's residence or the location of the underlying actions in the case. Szabo v. CSX Transportation, Inc., 2006 U.S. Dist. LEXIS 3862, 2006 WL 263625, at *4 (E.D. Pa. Feb. 1, 2006); Luther v.

Consolidated Rail Corp., 1999 U.S. Dist. LEXIS 8119, 1999 WL 387075, at *2 (E.D. Pa. May 25, 1999).  Hence, on balance, the plaintiff's choice of forum continues to hold substantial weight and the defendant must demonstrate "a clear case of convenience, definitely and unequivocally" to be granted transfer.  Richards v. Consolidated Rail Corp., 1994 U.S. Dist. LEXIS 14985, 1994 WL 586009, at *2 (E.D. Pa. Oct. 18, 1994) (quoting Hohler v. Pa. R.R., 140 F.Supp. 487, 489 (E.D. Pa. 1956)).

## Discussion

**Private Factors**

Among the private factors, the three most important in this case are the convenience of the parties, the convenience of the witnesses, and whether the claim arose elsewhere.  This Court finds that all three of these factors are in favor of granting the transfer.  The proposed transfer forum is more convenient for Defendants because while they are all headquartered in this district, Plaintiff's employment for Defendants was based out of Toledo, Ohio.  The three employees that Defendants have identified as potential witnesses all reside in Michigan or Ohio.  It is clearly more convenient, in terms of both financial and temporal savings, for Defendants to allow these employees to testify in a courtroom in Toledo rather than one in Philadelphia.

While Plaintiff points out Defendants had substantial net earnings in the most recent quarter for which data was available, this does not change the fact that it would be more costly for Defendants if the trial took place in this district.  By ignoring the direct admission request on this issue in Defendants' Second Set of Requests for Admissions, but responding to all others, Plaintiff admits that the proposed transfer district is a more convenient forum for this case than this district.  Pl.'s Answers to Second Set of Req. for Admis. of Def.  This seems to be precisely the type of unequivocal convenience the Richards court was referencing.

   The convenience of the witnesses also points in the direction of granting the transfer.  The consideration is not simply that the forum is inconvenient for the witnesses, but that the witness would be "unavailable" for trial.  Gulf Oil, 55 F.3d at 879.  The three doctors that Defendants identified as potential witnesses may be unavailable for trial if it were held in this district.  Because they are all located outside of this district, the Court does not have the power to subpoena them and compel them to testify.  Since Defendants do not employ the doctors, Defendants cannot force them to testify as they would be able to do with their employees.  It is up to each individual doctor whether or not he testifies and if they decide not to

testify, they would be unavailable.

Turning from unavailability to simple inconvenience, granting Defendants' transfer motion would be more convenient for the witnesses.  All six of the identified potential witnesses are located in, or directly around, the proposed transfer district.  Testifying in the transfer district would cost them, or their employers, less in terms of travel costs and lost working days than if they had to come to this district to testify.[3]

Lastly, the location of where the claim arose favors granting the transfer.  While the injury at issue is a repetitive stress injury and it is impossible to pinpoint precisely where the injury occurred, Plaintiff has admitted that he has never worked for Defendants inside this district.  Pl.'s Answers to Req. for Admis. of Def.  Thus, it is impossible for the injury to have arisen in this district.  Since Plaintiff has admitted to working for Defendants in Toledo, Ohio, the proposed transfer district can be thought of as one of the districts in which the injury arose.

The remaining private factors are of less significance in the instant case.  Plaintiff and Defendant have different forum

---

[3] While the convenience of defense witnesses is traditionally given less weight when the defendant is a transportation company, this guideline does not apply in this case because Defendants are freight companies and cannot transport people on their trains.  Richards, 1994 U.S. Dist. LEXIS 14985, 1994 WL 586009, at *2.  Thus, for the purposes of this guideline, they are no different from a non-transportation company.

7

preferences but because each party's desired forum is a proper one for this case, neither party's preference carries more weight than the other's.  The location of books and records is also not a significant factor in this case.  Any books or records located in the proposed transfer district that would be needed at trial could easily and inexpensively be transported to this district either electronically or physically.

**Public Factors**

The most important public factors in this case are local interest in deciding local controversies, practical considerations that could make the trial easier, and court congestion.  The citizens of the Northern District of Ohio, Toledo Division have a clear interest in this case.  Plaintiff was based in Toledo and spent much of his work time there.  Due to the nature of Plaintiff's injury, it is not possible to determine the exact location of the injury but since Plaintiff worked in Toledo, the proposed transfer district has a direct tie to Plaintiff's injury. Additionally, due to the fact that Plaintiff worked for Defendants in the proposed transfer district, Defendants clearly operate trains and conduct business in that district.  This district does not have a direct tie to the injury because Plaintiff never worked for Defendants here.

While the citizens of this district do have an interest in this case because Defendants are headquartered and operate trains in the district, this Court finds the interest of the citizens of the proposed transfer district to be greater because that district has both a direct tie to the injury and business activities conducted by Defendants.

Practical considerations that could make the trial easy, expeditious, or inexpensive favor granting Defendants' transfer motion.  The most significant consideration in this case is convenience to witnesses.  All six of the potential witnesses identified by Defendants are located in, or immediately outside, the proposed transfer district.  Holding the trial in that district would save the witnesses both time and money.  Plaintiff admits that the transfer district is a more convenient forum for him.  As such, the trial would be easier and more expeditious for both Plaintiff and the court if the case were transferred.

Lastly, court congestion favors transferring this case. Because this district has nearly four times as many pending civil cases and fewer than twice as many judges as the proposed transfer district, it is clearly more congested than the proposed transfer district.  Def.'s Mot. to Transfer Venue Ex. S.

The remaining three public factors are of less consequence. Because Defendants conduct business and operate trains in both

districts, any judgment against them would be equally enforceable in either district.  As this suit involves alleged violations of federal laws, there is no concern of trial judges being unfamiliar with state laws.  Lastly, this Court can find no reason why the public policies in the proposed transfer district would be different than those in this district.

## Conclusion

Defendants' Motion to Transfer Venue to the Northern District of Ohio, Toledo Division is GRANTED for the reasons set forth above.  An appropriate order follows.